UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BETTY MCPHATTER,

                Plaintiff,                   **REPORT & RECOMMENDATION**
                                                                    **11 CV 5321 (NGG)(LB)**

   -against-

M. CALLAHAN & ASSOCIATES, LLC,

                Defendants.
----------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff Betty McPhatter brings this action against defendant M. Callahan & Associates, LLC for violations of the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* Despite proper service of the summons and complaint, defendant has failed to plead or otherwise defend this action. Plaintiff now moves for a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (Docket entry 10.) The Honorable Nicholas G. Garaufis referred plaintiff's motion for a default judgment to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). (Docket entry 11.) For the reasons set forth below, it is respectfully recommended that plaintiff's motion for a default judgment should be denied without prejudice.

## BACKGROUND

      The following allegations are taken from the complaint. Defendant, on behalf of a third-party, sought to collect a debt from plaintiff. (Docket entry 1, Compl., ¶ 8.) On or around February 7, 2011, defendant left a voice message for plaintiff stating:

> This message is intended for Betty. My name is Stephen Krauss. At this point, understand you have been mandated to return this call. Due to your lack of response, we will not be held liable for any circumstances that may arise. My number is 866-402-4043. Case # 524696. Office hours 8am – 8pm eastern standard time.

(Compl., ¶¶ 9-10.)

Plaintiff commenced this action against defendant for violations of the FDCPA on November 1, 2011. (Compl.) Plaintiff served defendant on November 11, 2011, and defendant's response was due on December 2, 2011. (Docket entry 2.) To date, defendant has failed to respond to plaintiff's complaint or otherwise appear and defend this action. On April 3, 2012, plaintiff requested a certificate of default against defendant. (Docket entry 4.) The Clerk of Court noted an entry of default against defendant on April 9, 2012. (Docket entry 5.) Plaintiff now moves for a default judgment. (Docket entry 10.)

**DISCUSSION**

The Second Circuit has an "oft-stated preference for resolving disputes on the merits;" default judgments are "generally disfavored." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). "Accordingly, just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." Mktg. Devs., Ltd. v. Genesis Imp. & Exp., Inc., No. 08 CV 3168 (CBA), 2009 U.S. Dist. LEXIS 118313, at *6 (E.D.N.Y. Oct. 6, 2009) (citing Erwin DeMartino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). On a motion for default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997). Nonetheless, in determining whether to issue a default judgment, the Court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce plc v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)), *adopted*, 688 F. Supp. 2d 150, 151 (E.D.N.Y. 2010).

Plaintiff's allegations do not provide a proper basis for liability against M. Callahan & Associates, LLC. Plaintiff's complaint provides defendant's name and address and alleges that

defendant is a debt collector. However, plaintiff's complaint fails to connect defendant M. Callahan & Associates to the offending voicemail left by Stephen Krauss on plaintiff's telephone. This may just be a pleading problem, but this defect is fatal to plaintiff's motion for default judgment. Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas, No. 11-4020-cv, 2013 U.S. App. LEXIS 2034, at *8 (2d Cir. Jan. 30, 2013) ("Because the well-pleaded allegations in [plaintiff's] complaint do no state a claim against [defendant], a default judgment should not have been entered."); City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("[A] district court need not agree that the alleged facts constitute a valid cause of action. Indeed . . . a district court is required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." (citations omitted) (internal quotation marks omitted)). Accordingly, plaintiff's complaint is insufficient to establish defendant's liability as a matter of law. See Dolson v. Lacy Katzen LLP, 5:12-cv-1537, 2013 U.S. Dist. LEXIS 16394, at *5 (N.D.N.Y. Feb. 6, 2013) (denying default judgment where plaintiff's complaint contained insufficient facts to demonstrate a violation of the FDCPA); Journeyman Plumbers & Apprentices UA Local Union No. 22 v. Green, 01-CV-0515E (Sc), 2002 U.S. Dist. LEXIS 13896, at *7 (W.D.N.Y. June 24, 2002) ("Without evidentiary proof linking defendant to the cba [sic], this Court declines to grant plaintiffs' motion for default judgment. This insufficiency prevents plaintiffs from setting forth a sufficient basis in the pleadings for [default] judgment." (internal quotation marks omitted)).

## CONCLUSION

Accordingly, plaintiff's motion for a default judgment should be denied without prejudice.[1] Should this Report and Recommendation be adopted, plaintiff should be given twenty days to amend and re-serve her pleadings.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: July 2, 2013
    Brooklyn, New York

---

[1] Plaintiff's counsel is put on notice that any time expended in filing an amended complaint or filing a new motion for default judgment to remedy their slipshod work will not be compensated. See Friedman v. Sharinn & Lipshie, P.C., 12 CV 3452 (FB)(CLP), 2013 U.S. Dist. LEXIS 64541, at *31 (E.D.N.Y. Mar. 28, 2013) (In calculating a fee award, "the court 'should exclude excessive, redundant or otherwise unnecessary hours.'" (quoting Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999))); Leyse v. Corporate Collection Servs., 545 F. Supp. 2d 334, 337 (S.D.N.Y. 2008) ("Courts have discretion to deduct 'excessive, redundant, or otherwise unnecessary' hours . . . ." (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983 ))).