UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BETTY MCPHATTER,

                  Plaintiff,                                   **ORDER**

                                                                              **11 CV 5321 (NGG)(LB)**

    -against-

M. CALLAHAN & ASSOCIATES, LLC,

                  Defendant.
-----------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

       On July 2, 2013, I recommended that plaintiff's motion for default judgment should be denied. (ECF No. 14.) On July 3, 2013, plaintiff filed objections and asks the Court to take judicial notice of defendant's telephone number, 866-402-4043, to cure the deficiency in plaintiff's complaint; that the phone number in the offending voicemail is never connected to defendant. (ECF No. 15, "Pl.'s Objs.".) I hereby construe plaintiff's objections to the Report and Recommendation as a motion for reconsideration pursuant to Local Civ. R. 6.3 and Rule 60(b) of the Fed. R. Civ. P. and grant plaintiff's request for reconsideration.

       Plaintiff states that the Court can take judicial notice[1] that the telephone number left in the offending voicemail belongs to the defendant and cites two cases to support her position: <u>Linares v. Greiner</u>, 02-CV-1844, 03-MISC-0066, 2003 WL 23864914 (E.D.N.Y. Oct. 24, 2013) and <u>Global Acquisitions Network v. Bank of Am. Corp.</u>, No. CV 12-08758 DDP (CWx), 2013 WL 604159 (C.D. Cal. Feb. 19, 2013). However, neither case directly supports plaintiff's instant position. Plaintiff states that the court in <u>Linares</u> took judicial notice of an attorney's phone number. (Pl.'s Objs., 3.) However, in <u>Linares</u>, which was a petition for a writ of habeas corpus, the district court cited to the underlying

---

[1] Plaintiff states that "the instant request for judicial notice is actually not necessary; the court (1) may take judicial notice on its own, or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information." (Pl.'s Objs. 2 (citing FRCP 201(c).) As an initial matter, the Court notes that plaintiff's counsel is citing to Fed. R. Evid. 201, not Fed. R.Civ. P. 201 as no such rule exists. More importantly, Fed. R. Evid. 201(c)(1) is written in permissive language; the Court *may* take judicial notice on its own, but is not required to take judicial notice *sua sponte*. Rather the rule on mandates the Court to take judicial notice when a party requests it and supplies the necessary information; plaintiff did neither until she filed her instant objections.

state court transcript and notes that defense counsel asked the *state* court to take judicial notice of an attorney's phone number and the *state* court did. Linares, 2003 WL 2386914, at *10, 17. Linares does not establish that courts in the Eastern District have a practice of taking judicial notice of phone numbers. Furthermore, here, plaintiff's complaint is deficient if the phone number is not connected to the defendant.

Plaintiff is correct that in Global, the Central District of California took judicial notice of a telephone number. Global Acquisitions Network, 2013 WL 604159, at *8. However, Global is not a FDCPA case and Global is not controlling in this jurisdiction. Moreover in Global, plaintiff specifically requested that the Court take judicial notice that the phone number belonged to defendant.[2] Id. In this action, plaintiff did not ask the Court to take judicial notice of the phone number or provide any documentation to support that the phone number in the offending voicemail was connected to defendant.

Although I find that plaintiff's counsel has again done his client a disservice by failing to properly support a submission he has made to the Court, in the interest of judicial economy I, nevertheless, grant plaintiff reconsideration and withdraw my July 2, 2013 Report and Recommendation. Although the Court is not required to, under these circumstances, I hereby take judicial notice that the phone number left on plaintiff's voicemail belongs to M. Callahan & Associates.[3] I shall, therefore, reconsider plaintiff's motion for default judgment and issue an amended Report and Recommendation.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: August 2, 2013
Brooklyn, New York

---

[2] The Court in Global took judicial notice that defendant's website listed the phone number on its contact page. Id.
[3] M. Callahan & Associates does not appear to have a company website; therefore, the Court takes judicial notice that 866-402-4043 is listed as defendant's phone number on the website for the Better Business Bureau. See http://www.bbb.org/upstate-new-york/business-reviews/collection-agencies/m-callaghan-associates-in-getzville-ny-162233454/# (last visited Aug. 2, 2013).

2